United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KHOI DINH HUYNH, )  No. C 06-2518 MMC (PR)
             )
    Petitioner, )  **ORDER OF PARTIAL DISMISSAL**
             )  **WITH LEAVE TO AMEND;**
  v.         )  **GRANTING LEAVE TO PROCEED**
             )  **IN FORMA PAUPERIS**
TOMAS L. CAREY, )
             )
    Respondent. )  **(Docket No. 2)**
_____ )

On April 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 2002, in the Superior Court of Santa Clara County, petitioner pled nolo contendere to charges of assault, as well as to an enhancement alleging a prior conviction. The trial judge sentenced him to a term of 12 years in state prison. He challenged his conviction and sentence unsuccessfully in habeas petitions filed at all three levels of the California courts.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

Petitioner alleges three claims in his petition. The first two claims, as presently pleaded, are not sufficiently clear to be understandable. See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (holding habeas petitioner must state claims with sufficient specificity). In his first claim, petitioner states his prior felony conviction "was a due process violation for PC § 245(a)(1)." Rather than explaining the basis for the asserted due process violation, petitioner cites numerous and disparate legal concepts, including "excessive punishment", "ex-post facto," "warrantless search," California Rule of Criminal Procedure 4.414, and equal protection. Although it appears petitioner's intent is to challenge the use of his prior conviction to enhance his sentence, the basis for such challenge cannot be gleaned from his petition. Petitioner will be given leave to amend to clearly and concisely explain the grounds upon which this claim rests.

In his second claim, petitioner alleges his sentence is "disproportionate"; he further alleges "ambiguity is evident due to Ineffective Assistance of Counsel" and that "the issue of specific intent under the doctrine of mens rea" was not presented or "weighed" properly. Again, petitioner has not explained the relationship between these various legal concepts, much less how they form the basis for federal habeas relief. Leave to amend this claim likewise will be granted.

Lastly, in his third claim, petitioner alleges that the imposition of a $5000 restitution fine without consideration of petitioner's ability to pay violates both his right to due process and California law. The alleged violation of state law is not a cognizable basis for federal

habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  The alleged violation of due process, liberally construed, is cognizable.

## CONCLUSION

In light of the foregoing, the Court rules as follows:

1. The third claim in the petition states a cognizable basis for relief, as set forth above.  The first and second claims in the petition are DISMISSED WITH LEAVE TO AMEND.  If petitioner wishes to amend these claims, he must file, within **thirty (30) days** of the date this order is filed, an amended petition in which he corrects the deficiencies noted above.  The amended petition must include the caption and civil case number used in this order, No. C 06-2518 MMC (PR), and must include the words AMENDED PETITION on the first page.  <u>In the amended petition, petitioner must include all the claims he wishes to present; in particular, petitioner must reassert in his amended petition the cognizable third claim from the instant petition.</u>

2. **<u>If petitioner fails to timely amend the petition as ordered herein, the first and second claims will be dismissed with prejudice and this matter will proceed only on the basis of the third claim.</u>**

3. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or Local Rule 3-11.

4. In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: June 14, 2006

_____
MAXINE M. CHESNEY
United States District Judge