IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOI DINH HUYNH,<br><br>        Petitioner,<br><br>  v.<br><br>TOMAS L. CAREY,<br><br>        Respondent.<br>_____ | No. C 06-2518 MMC (PR)<br><br>**ORDER GRANTING MOTION TO STAY HABEAS PETITION; DIRECTIONS TO CLERK**<br><br>**(Docket No. 8)** |

       On April 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 14, 2006, after reviewing the petition, the Court found the first two claims did not set forth a basis for federal habeas relief. Consequently, the first two claims were dismissed with leave to amend to allow petitioner to clarify the basis for those claims. The Court found the third claim in the petition, that the imposition of a fine violated petitioner's right to due process, stated a cognizable basis for federal habeas relief.

       Petitioner has not filed an amended petition. Instead, on July 27, 2006, he filed a motion for a stay, in which he states he wishes to amend his first claim to assert he received ineffective assistance of counsel in violation of the Sixth Amendment, because his attorney failed to raise various constitutional violations, and he wishes to amend his second claim to assert a violation of his rights under Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000), and Blakely v. Washington, 542 U.S. 296, 303-04 (2004). As amended, the two claims,

when liberally construed, would state a cognizable basis for federal habeas relief.  See 28 U.S.C. § 2254(a) (providing petitioner may seek federal habeas relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  Petitioner states his two new claims have not been exhausted, however, and he requests a stay of the instant matter to allow him to exhaust those claims in the state courts.

District courts have the authority to stay a federal habeas petition, and AEDPA does not deprive them of that authority.  Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005).  A stay is appropriate where the district court determines good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious.  Id.; see also Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005) (noting prisoners may file "protective" petition in federal court and ask federal court to stay federal habeas proceedings until state remedies exhausted).  Here, petitioner states the two claims, as amended, were not exhausted earlier because his appellate counsel did not raise them on direct appeal.  Under such circumstances, and because the claims petitioner wishes to exhaust state cognizable bases for federal habeas relief, the motion for a stay of the instant petition is GRANTED, and the above-titled action is hereby STAYED until petitioner files a motion to reopen as described below.

Petitioner is cautioned that if he wishes to have this Court consider his claims, he must properly present the new claims he wishes to raise herein to the California Supreme Court within thirty days of the date this order is filed; thereafter, within thirty days of the California Supreme Court's decision, he must file a motion to reopen this action.  Further, if petitioner wishes to have this Court consider his two new claims, he must file an AMENDED PETITION at the same time as the above-described motion to reopen this action.  The amended petition must include the caption and civil case number used in this order, No. C 06-2518 MMC (PR), and must include the words AMENDED PETITION on the first page.

In the amended petition, petitioner must include all the claims he wishes to present, including both the newly exhausted claims and the cognizable third claim from the present petition.  If petitioner simply files a motion to reopen this action, but does not concurrently

1  file an amended petition in compliance with the instructions set forth herein, this action will
2  proceed only on the basis of the third claim in the petition.
3      The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this
4  action.
5      This order terminates Docket No. 8.
6      IT IS SO ORDERED.
7  DATED: November 16, 2006

_____
MAXINE M. CHESNEY
United States District Judge