IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOI DINH HUYNH, | No. C 06-2518 MMC (PR) |
| Petitioner, | **ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER; GRANTING RESPONDENT'S APPLICATION FOR EXTENSION OF TIME** |
| v. | |
| TOMAS L. CAREY, | |
| Respondent. | |
| | **(Docket Nos. 14, 15, 20)** |

On April 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 16, 2006, the petition was administratively closed during petitioner's return to state court to exhaust state remedies. On June 28, 2007, the Court reopened the petition and ordered respondent to file an answer showing cause why the petition should not be granted or, in the alternative, a motion to dismiss on procedural grounds. On December 17, 2007, respondent filed a motion to dismiss the petition as unexhausted and untimely.[1] Petitioner has not filed an opposition to the motion to dismiss; the time for him to do so has not yet expired.[2]

Now before the Court are petitioner's motion for leave to file a temporary restraining

---

[1] On November 19, 2007, respondent filed an application to extend to January 25, 2008 the deadline for the filing of a response to the petition. Good cause appearing, such extension is hereby GRANTED to the extent that the deadline is hereby EXTENDED to December 17, 2007.

[2] In the order to show cause, the Court explained to petitioner that if respondent filed a motion to dismiss, petitioner must file any opposition thereto within thirty days of the date the motion was filed. (See Order to Show Cause, filed June 28, 2007, at 3.) Accordingly, petitioner has until January 17, 2008, to file his opposition to the motion to dismiss.

order and motion for a temporary restraining order, both filed August 23, 2007, by which petitioner seeks to prevent his transfer to another state prison.

When petitioner filed the instant petition he was incarcerated at CSP-Solano, in Vacaville. In his motion for a temporary restraining order, he states that on August 14, 2007, he was brought before a prison classification committee and told he was going to be transferred to a Level I institution because of overcrowding. Petitioner states he told the classification committee he opposed the transfer because he needs access to an adequate law library in order to litigate the instant matter and he would not be afforded such access at a Level I institution. The classification committee disregarded petitioner's objection. Petitioner claims he will be harmed irreparably if he is transferred to a Level I institution without a law library, and asks the Court to restrain prison officials from transferring him until he is served with respondent's answer to the petition and files a traverse.

On October 31, 2007, petitioner notified the Court he has been transferred and now is incarcerated at the Correctional Training Facility in Soledad. Accordingly, because petitioner already has been transferred and no longer is incarcerated at CSP-Solano, his motions are DENIED as moot.[3]

This order terminates Docket Nos. 14, 15 and 20.

IT IS SO ORDERED.

DATED: January 11, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] Even if petitioner had not been transferred, the motions would be denied as meritless because petitioner has presented no evidence to substantiate his contention that law libraries at Level I institutions either are non-existent or inadequate. Moreover, prisoners have no constitutional right to incarceration in a particular institution, see Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983), and the federal courts must give deference to reasonable prison regulations, see Turner v. Safley, 482 U.S. 78, 84-85 (1987).