1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KHOI DINH HUYNH,                          )   No. C 06-2518  MMC (PR)
                                          )
                    Petitioner,           )   **ORDER GRANTING MOTION TO**
                                          )   **DISMISS; DENYING MOTION FOR**
         v.                               )   **APPOINTMENT OF COUNSEL**
                                          )
THOMAS L. CAREY, Warden,                  )
                                          )   **(Docket Nos. 21 & 23)**
                    Respondent.           )
_____          )

On April 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 16, 2006, the case was administratively closed during petitioner's return to state court to exhaust state remedies.  Subsequently, petitioner filed an amended petition ("AP"), and on June 28, 2007, the Court reopened the case and ordered respondent to file an answer showing cause why the petition should not be granted or, in the alternative, a motion to dismiss on procedural grounds.  On December 17, 2007, respondent filed a motion to dismiss the AP as unexhausted and untimely.  Petitioner has not filed an opposition to the motion to dismiss, although he was expressly granted the opportunity to do so in the order to show cause, and was reminded of such in the Court's January 11, 2008 order denying petitioner's request for a temporary restraining order.  For the reasons stated below, the Court will grant respondent's motion to dismiss.

*//*

United States District Court
For the Northern District of California

**BACKGROUND**

In 2002, in the Superior Court of Santa Clara County ("Superior Court"), petitioner entered a plea of no contest to a charge of assault with a deadly weapon.  He was sentenced to a term of twelve years in state prison.  The California Court of Appeal affirmed the judgment.  Petitioner did not file a petition for review in the California Supreme Court.

On July 27, 2004, petitioner filed a petition for a writ of habeas corpus in the Superior Court, raising five claims.  The petition was denied on October 12, 2004.

On November 8, 2004, petitioner filed a petition for a writ of habeas corpus in the Court of Appeal, raising the same five claims that had been presented to the Superior Court.  The petition was denied on November 30, 2004.

On December 28, 2004, petitioner filed a petition in the California Supreme Court, raising the same five claims that had been presented to the lower courts.  The petition was denied on December 14, 2005.

On January 12, 2006, petitioner filed a second habeas petition in the Superior Court, raising one claim that had not previously been presented to any state court, specifically, a claim that the sentencing court's imposition of a restitution fine violated petitioner's right to due process.  The petition was denied that same date.

On April 11, 2006, petitioner filed his original federal habeas corpus petition in this matter, raising two claims from his first set of state habeas petitions, specifically, his "Ex Post Facto Clause" and "offense reduction" claims, as well as the claim from his second Superior Court petition, that the sentencing court's imposition of a restitution fine violated his right to due process.  On June 14, 2006, the Court dismissed the Ex Post Facto Clause and offense reduction claims, finding those claims did not set forth a basis for federal habeas relief; the Court granted petitioner leave to amend the petition to clarify the basis for those claims.  On November 11, 2006, the Court granted petitioner's motion to stay the petition to allow him to return to state court to exhaust the ex post facto and offense reduction claims.

On December 18, 2006, petitioner filed a habeas petition in the California Supreme Court, raising a claim that his trial and appellate counsel were ineffective.  On May 16, 2007,

**United States District Court**
For the Northern District of California

1    the petition was denied as untimely.

2         On June 11, 2007, petitioner returned to federal court and filed his AP along with a

3    motion to reopen the matter.  The AP raises the following two claims: (1) the sentencing

4    court's imposition of a restitution fine without consideration of petitioner's ability to pay

5    violates due process, and (2) ineffective assistance of trial and appellate counsel.  In his

6    motion to reopen, petitioner alleged that both of these claims had been exhausted.  Based on

7    petitioner's representations, the Court granted the motion to reopen and issued an order to

8    show cause.

9                                    **DISCUSSION**

10        Respondent moves to dismiss the AP on the following grounds: (1) the claim that

11   imposition of the restitution fine violates petitioner's right to due process is unexhausted, and

12   (2) the claim of ineffective assistance of counsel is untimely.

13   A.    Unexhausted Claim

14        Prisoners in state custody who wish to challenge collaterally in federal habeas

15   proceedings either the fact or length of their confinement are first required to exhaust state

16   judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

17   highest state court available with a fair opportunity to rule on the merits of each and every

18   claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455

19   U.S. 509, 515-16 (1982).  The state's highest court must be given an opportunity to rule on

20   the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845

21   (1999) (holding petitioner must invoke "one complete round of the State's established

22   appellate review process.").  A federal district court must dismiss a federal habeas petition

23   containing any claim as to which state remedies have not been exhausted.  See Rhines v.

24   Webber, 544 U.S. 269, 273 (2005).

25        Respondent argues that petitioner's restitution fine claim is unexhausted because

26   petitioner only presented it to the Superior Court and did not present it to the California

27   Supreme Court.  In support thereof, respondent has attached as exhibits, to the motion to

28   dismiss, copies of the two petitions that petitioner filed in the California Supreme Court,

                                          3

United States District Court
For the Northern District of California

1   (MTD Exs. 8 & 12), and a copy of the second petition that petitioner filed in the Superior

2   Court.  (MTD Ex. 10.)  These exhibits show the following:  On December 28, 2004,

3   petitioner filed a habeas petition in the California Supreme Court, in which petition he raised

4   the following five claims: (1) his sentence was illegally enhanced in violation of the Ex Post

5   Facto Clause; (2) the sentencing court failed to consider his intoxication a factor with

6   respect to reduction of the offense to a misdemeanor; (3) his plea of no contest was invalid

7   due to the court's failure to advise him of the consequences of his plea with respect to

8   custody credits; (4) his sentence violates the prohibition against cruel and unusual

9   punishment; and (5) evidence gathered pursuant to a warrantless search should have been

10  suppressed.  The petition was denied on December 14, 2005.  On January 12, 2006, petitioner

11  filed a habeas petition in the Superior Court, in which petition he raised the claim that

12  imposition of the restitution fine violates due process.  The petition was denied that same

13  date.  On December 18, 2006, petitioner filed a habeas petition in the California Supreme

14  Court, in which petition he raised the claim of ineffective assistance of trial and appellate

15  counsel with respect to petitioner's preliminary hearing.  The petition was denied as untimely

16  on May 16, 2007.

17      The uncontested evidence produced by respondent demonstrates that petitioner did not

18  present to the California Supreme Court his claim that imposition of the restitution fine

19  violates due process; accordingly, the Court finds the claim is unexhausted.  Ordinarily,

20  under such circumstances, the Court would be required to dismiss the AP as a "mixed"

21  petition that contains both an exhausted and unexhausted claim, and to provide petitioner an

22  opportunity to amend the mixed petition by striking his unexhausted claim as an alternative

23  to dismissal, Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005), or the Court could stay

24  the mixed petition pending petitioner's return to state court to exhaust his unexhausted claim.

25  See Rhines, 544 U.S. at 277.

26      Here, however, neither of the above options is viable, in that petitioner's remaining

27  exhausted claim must be dismissed as untimely, as discussed below.  Consequently, it would

28  be futile to allow petitioner to amend his petition to delete his unexhausted claim, as there

4

United States District Court
For the Northern District of California

1   remains no exhausted claim on which petitioner can proceed.  For the same reason, a stay of

2   the AP to allow petitioner to return to state court to exhaust his unexhausted claim is

3   unwarranted.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding district

4   court does not have discretion to stay petition containing only unexhausted claims).[1]

5   Accordingly, petitioner's claim that imposition of the restitution fine violates due process

6   will be dismissed as unexhausted, and petitioner will not be granted leave to amend the AP to

7   delete his unexhausted claim or a stay of the AP while he returns to state court.

8   B.   Untimely Claim

9        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law

10  on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a

11  writ of habeas corpus filed by state prisoners.  Under AEDPA, petitions filed by prisoners

12  challenging non-capital state convictions or sentences must be filed within one year from

13  "the date on which the judgment became final by conclusion of direct review or the

14  expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[2]  Time during

15  which a properly filed application for state post-conviction or other collateral review is

16  pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

17       Here, respondent has presented undisputed evidence showing that, with applicable

18  statutory tolling, petitioner had until July 19, 2006 to file a timely federal habeas petition.  In

19  light of such tolling, respondent concedes that petitioner's original petition in this matter,

20  which petition was filed on April 11, 2006, was timely.  Respondent argues, however, that

21  petitioner's claim of ineffective assistance of trial counsel must be dismissed as untimely

22

23       [1]Additionally, a stay is unwarranted because, as noted above, petitioner previously
    was granted a stay in this matter for the purpose of his returning to state court to exhaust
24  unexhausted claims; petitioner did not, however, use that opportunity to exhaust the claim at
    issue, even though petitioner had raised such claim in his original petition.  Consequently,
25  the Court finds petitioner has not shown good cause exists for a stay to exhaust the
    unexhausted claim.  See Rhines, 544 U.S. at 277-78  (holding stay appropriate only where
26  district court determines good cause exists for petitioner's failure to initially exhaust claims
    in state court).

27       [2]In rare instances, not presented by the instant petition, the limitations period may run
    from a date later than the date on which the judgment became final.  See 28 U.S.C. §
28  2244(d)(1)(B)-(D).

**United States District Court**
For the Northern District of California

1  because that claim, which was first raised in the AP filed on June 11, 2007, was not filed

2  until more than one year after petitioner's state court judgment became final and does not

3  relate back to any of the claims in the original petition.

4        Amendments made to a habeas petition after AEDPA's one-year limitations period

5  has run relate back to the date of the original petition when the claim asserted in the amended

6  petition "arose out of the conduct, transaction, or occurrence set forth or attempted to be set

7  forth in the original pleading." <u>Mayle v. Felix</u>, 545 U.S. 644, 656 (2005) (quoting Fed. R.

8  Civ. P. 15(c)(2)).  "An amended habeas petition . . . does not relate back (and thereby escape

9  AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that

10  differ in both time and type from those the original pleading set forth." <u>Id.</u> at 650.  Only if

11  the original and amended petition state claims that are tied to a common core of operative

12  facts will relation back be in order. <u>Id.</u> at 664.

13        In the instant case, petitioner's original federal habeas petition raised the following

14  three claims, the first two of which the Court dismissed: (1) petitioner's sentence violated the

15  Ex Post Facto Clause; (2) his intoxication reduced his offense to a misdemeanor; and

16  (3) imposition of the restitution fine violated due process.  The AP raises the following two

17  claims, the first of which, as discussed above, the Court has dismissed as unexhausted:

18  (1) imposition of the restitution fine violated due process, and (2) ineffective assistance of

19  trial and appellate counsel.  Thus, the Court must determine whether petitioner's ineffective

20  assistance of counsel claim and the claims raised in the original petition "are tied to a

21  common core of operative facts," such that the ineffective assistance of counsel claim will

22  relate back to the original petition and be found timely.

23        Petitioner's ineffective assistance of counsel claim is based on his trial counsel's

24  alleged failure, at the preliminary hearing, to object to the admission of prejudicial hearsay

25  testimony from a hostile witness and to allow petitioner to cross-examine his accuser.[3]  By

26

27        [3]Petitioner does not expressly allege grounds for his claim of ineffective assistance of
appellate counsel; such claim is raised, however, as part of petitioner's claim of ineffective

28  assistance of trial counsel.  Accordingly, the Court assumes petitioner is claiming that

contrast, the claims raised in the original petition concern sentencing errors by the trial court. As petitioner's ineffective assistance of counsel claim is supported by facts that differ in both time and type from those set forth in the original petition, the Court finds said claim cannot relate back to the original petition. See Mayle, 545 U.S. at 650. Accordingly, petitioner's ineffective assistance of counsel claim will be dismissed as untimely.

In sum, respondent's motion to dismiss the petition will be granted, as petitioner's claim that imposition of the restitution fine violated due process is unexhausted and petitioner's claim of ineffective assistance of counsel is untimely.

C.    Motion for Appointment of Counsel

Petitioner has filed a motion for the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

Here, petitioner has adequately presented his claims and argued his procedural motions. As no other grounds exist that would require the appointment of counsel, the Court finds the interests of justice do not require such appointment; accordingly, petitioner's motion will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss the petition is hereby GRANTED. (Docket No. 21.)

2. Petitioner's motion for appointment of counsel is hereby DENIED. (Docket No.

---

appellate counsel was ineffective for failing to raise on appeal the above-noted claims of ineffective assistance of trial counsel.

23.)

This order terminates Docket Nos. 21 and 23.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 6, 2008

_____
MAXINE M. CHESNEY
United States District Judge

8